FILED
CLERK

3:07 pm, Jun 21, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------
GUSTAVIA HOME, LLC,

                         Plaintiff,                **ADOPTION ORDER**
                                                                        16-cv-2099 (ADS)(SIL)

     -against-

CANDIDA SAAGBER *a/k/a* Candida M.
Saagber, COUNTY OF NASSAU
*c/o Office of Housing and Intergovernmental
Affairs,* JOHN DOE 1 THROUGH 12
*said persons or parties having or claimed to
have a right, title or interest in the mortgaged
premises herein, their respective names are
presently unknown to Plaintiff,*

                        Defendant(s).
-----------------------------------------------------------X

**APPEARANCES:**

**The Margolin & Weinreb Law Group, LLP**
*Attorneys for the Plaintiff*
165 Eileen Way, Suite 101
Syosset, NY 11791
        By:   Alan H Weinreb, Esq.
                Randy J. Schaefer, Esq., Of Counsel

**NO APPEARANCES:**

**Candida Saagber, County of Nassau**
*The Defendants*

**SPATT, District Judge**.

      On April 28, 2016, the Plaintiff Gustavia Home, LLC (the "Plaintiff") commenced this foreclosure action against the Defendants Candida Saagber (the " Defendant Saagber"), County of Nassau (the "Defendant Nassau"), and John Does 1 through 12.

      On August 15, 2016, the Clerk of the Court noted the default of the Defendants Saagber and Nassau.

On November 15, 2016, the Plaintiff moved for a default judgment against the Defendants.

On November 16, 2016, the Court referred the Plaintiff's motion to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On June 2, 2017, Judge Locke issued a report (the "R&R") recommending that the Plaintiffs be awarded a total of $124,959.07, per diem pre-judgment interest in the amount of $18.16 per day until judgment is entered, post-judgment interest pursuant to 28 U.S.C. § 1961(a), and that Plaintiff be granted leave to renew its application for late fees. The R&R further recommended that the Court enter an order for judgment of foreclosure and sale; that a referee be appointed to effectuate the sale; and that the caption be amended to remove John Does 1 through 12. The Plaintiff filed proof of service on June 2, 2017.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Plaintiff is directed to file an amended proposed judgment of foreclosure and sale consistent with the R&R, and to choose a referee for the foreclosure and sale.

**SO ORDERED.**

Dated: Central Islip, New York

June 21, 2017

                                                      */s/ Arthur D. Spatt*
                                                     ARTHUR D. SPATT
                                           United States District Judge